Yousuf v. Holder

BIA
A096 014 174

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

NAVEED YOUSUF, AKA SHAFQAT KHAN,
> *Petitioner*,

v.                                            14-540
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Joyce R. Branda, Acting Assistant
                       Attorney General; John S. Hogan, Senior
                       Litigation Counsel; Nicole N. Murley,
                       Trial Attorney, Kamille Go, Law Clerk,
                       Office of Immigration Litigation,

**Civil Division, United States**
**Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Naveed Yousuf, a native and citizen of Pakistan, seeks review of the BIA's February 10, 2014, decision denying his motion to reopen. *In re Naveed Yousuf*, No. A096 014 174 (B.I.A. Feb. 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An applicant may file a motion to reopen within 90 days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Yousuf's motion to reopen was untimely because it was filed in December 2013, more than one year after his June 2012 final removal order. However, the time limitation does not apply when a motion "is based on changed country conditions

2

arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *accord*, 8 C.F.R. § 1003.2(c)(3)(ii).

As observed by the BIA, the record evidence was replete with examples of increased violence in Pakistan. However, as the BIA ruled, such evidence did not constitute a *material* change in country conditions because general violence and civil strife are, standing alone, insufficient to demonstrate a well-founded fear of future persecution or a likelihood of torture. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) ("General violence in [a country] does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution."); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (concluding that country conditions evidence demonstrating some incidents of torture is insufficient to establish an applicant's eligibility for CAT relief absent evidence that someone in the applicant's "particular alleged circumstances is *more likely than not* to be tortured"). And, Yousuf's conclusory assertion that there

3

is evidence of violence against similarly situated individuals with perceived connections to the United States is not supported by the record.

Accordingly, substantial evidence supports the BIA's conclusion that Yousuf failed to show a material change in country conditions, and therefore it did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also Jian Hui Shao*, 546 F.3d at 168-69.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Yousuf's pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk